UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

D & W HEALTH SERVICES, INC., d/b/a
THE OAKS OF MID CITY NURSING
& REHABILITATION CENTER,

CIVIL ACTION

VERSUS

NO. 10-319-JJB-SCR

KATHLEEN SEBELIUS, SECRETARY
OF THE UNITED STATES DEPARTMENT
OF HEALTH & HUMAN SERVICES, ET AL

## RULING ON MOTION TO CORRECT CAPTION AND NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF OAKS OF MID CITY RESIDENT COUNCIL

This matter is before the Court on the Oaks of Mid City Resident Council's ("Resident Council") Motion (doc. 120) to Correct Caption and Notice of Voluntary Dismissal Without Prejudice of Oaks of Mid City Resident Council. Defendants have filed an opposition (doc. 123). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Court GRANTS the Resident Council's motion.

## Background

In early 2010, the United States Department of Health and Human Services ("DHHS") conducted multiple surveys of the Oaks of Mid City Nursing and Rehabilitation Center ("the Oaks") and determined that the facility was not in substantial compliance with regulations. In April 2010, the Centers for Medicare and Medicaid Services ("CMS") informed D & W Health Services, Inc. ("D&W"), the Oaks' owner and operator, that it would be terminating D&W's participation in

1

the Medicare and Medicaid programs. D&W believed that CMS had erroneously determined that the Oaks was endangering its patients and wrongfully deprived the Oaks of the opportunity to come into compliance.

On May 5, 2010, D&W filed suit to enjoin the DHHS and CMS from terminating its provider agreement which would, in essence, require D&W to close the Oaks for lack of funding. This suit ("Suit #1") was docketed under 10-cv-319. On May 21, 2010, this Court issued a preliminary injunction (doc. 12) barring Defendants from terminating Plaintiff's provider agreements or taking any action consistent with the decision to terminate.

On March 24, 2011, the Resident Council filed a motion (doc. 74) to join the suit. The Resident Council is a union of the Oaks' patients formed to ensure that their needs are adequately presented to and addressed by the facility. That same day, the Resident Council also filed a separate complaint ("Suit #2") which is now docketed at 11-cv-186. However, D&W was inadvertently listed as the plaintiff. On March 28, 2011, Suit #1 and Suit #2 were consolidated.

On April 27, 2011, this Court held a hearing on a number of motions, including the Resident Council's motion to join. The Court, citing to *O'Bannon v. Town Court Nursing Center*, 477 U.S. 773 (1980), noted that a facility's individual residents do not have standing to challenge the termination of its participation in the Medicare or Medicaid programs. The Court determined that a union which exists solely to protect a facility's residents' rights does not either.

On June 10, 2011, the Resident Council filed its Motion (doc. 120) to Correct Caption and Notice of Voluntary Dismissal Without Prejudice of Oaks of Mid City Resident Council. In it, the Resident Council requests that the Court (1) amend the caption to replace D&W as Plaintiff; and (2) enter an order for a voluntary dismissal of the Resident Council's claim without prejudice.

On June 15, 2011, Defendants filed their opposition (doc. 123). Defendants do not oppose the motion to correct the caption but do oppose a voluntary dismissal without prejudice. Defendants assert that the action should be dismissed pursuant to their Motion (doc. 111) to Dismiss and/or should be dismissed with prejudice.

## **Discussion**

The Resident Council asserts that dismissal without prejudice is appropriate because Defendants have not yet filed an answer or a motion for summary judgment (doc. 120). Defendants assert that the action should be dismissed, with prejudice, pursuant to their motion to dismiss (doc. 123). Defendants' motion alleges that (1) the Court lacks subject matter jurisdiction; (2) the Resident Council lacks legal capacity to sue; and (3) the Resident Council does not state a claim upon which relief can be granted.

Under the Federal Rules of Civil Procedure, a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Moreover, unless the notice states otherwise or the plaintiff has

previously dismissed another suit based on the same claim, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

If a plaintiff has the right to a voluntary dismissal without the need for a court order, the court may dismiss the suit prior to addressing issues such as the court's subject matter jurisdiction or the plaintiff's failure to state a claim upon which relief can be granted. *Nix v. Fulton Lodge No. 2 of Int'l Assoc. of Machinists and Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1972) (upholding Rule 41(a)(1) voluntary dismissal without prejudice where the defendant filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted prior to the plaintiff's notice of dismissal). Voluntary dismissal can precede these other issues "because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction." *Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 605 (S.D. Miss. 2007).

The Court finds that voluntary dismissal without prejudice under Federal Rule of Civil Procedure 42(a)(1)(A)(i) is appropriate. Defendants have filed neither an answer nor a motion for summary judgment to the Resident Council's complaint. As such, the Resident Council has the right to a voluntary dismissal, without prejudice, and without the need for a court order. Nonetheless, a court may dispense with a suit through voluntary dismissal even if a party has filed a motion to dismiss on the basis of other issues including the court's subject matter

jurisdiction or the party's capacity to sue or to state a claim upon which relief can be granted. *Nix*, 452 F.2d at 797-98.

## Conclusion

Accordingly, the Court hereby GRANTS Plaintiff's Motion (doc. 120) to Correct Caption and Notice of Voluntary Dismissal Without Prejudice of Oaks of Mid City Resident Council. The caption should name the Oaks of Mid City Resident Council as Plaintiff and the Oaks of Mid City Resident Council is hereby dismissed without prejudice.

Signed in Baton Rouge, LA this 27th day of June, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**